**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERTO VILLESCAS, | ) Case No.: 1:12-cv-02068-LJO-SAB (PC) |
| Plaintiff, | ) |
| v. | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING PLAINTIFF'S MOTION FOR |
| | ) COURT ORDER AND APPOINTMENT OF |
| M.T. DOTSON, et al., | ) COUNSEL |
| Defendants. | ) [ECF No. 27] |
| | ) |

Plaintiff Alberto Villescas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**INTRODUCTION**

Now pending before the Court is Plaintiff's motion for court order and appointment of counsel, filed November 24, 2014.

Plaintiff seeks a court order to allow him access to the law library for two to four hours per week. Plaintiff indicates that he has filed inmate grievances and request for modification or accommodation seeking access to the law library. However, Plaintiff has not had access to the law library or copy services for over six weeks. In the alternative, Plaintiff seeks the appointment of counsel to assist him in the continued litigation of this case. The Court construes Plaintiff's request as a motion for a preliminary injunction to grant him access to the law library and/or copy services.

1

## II.

## DISCUSSION

### A.       Access to the Law Library and/or Copy Services

As previously stated, Plaintiff moves for a court order requiring the California Department of Corrections and Rehabilitation (CDCR) to grant him access to the law library and/or copy services.

Plaintiff's motion includes allegation and a request for a court order against a party who is not named in this action.  Although the CDCR is the employer of the defendants in this action, it is named a party in this action.  To the extent Plaintiff seeks injunctive relief against the CDCR, the Court is unable to issue an order against individuals who are not parties to an action pending before it.  See Zenith Radio Corp., v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).   A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. V. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008).  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."

1   Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348)

2   (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518

3   U.S. at 351; Phillips, 588 F.3d at 655.

4           A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts

5   has been impeded.  Thus, it is not enough for an inmate to show some sort of denial of access without

6   further elaboration.  Plaintiff must demonstrate "actual injury" from the denial and/or delay of access.

7   The Supreme Court has described the "actual injury" requirement:

8           [T]he inmate … must go one step further and demonstrate that the alleged
            shortcomings in the library or legal assistance program hindered his efforts to pursue a
9           legal claim.  He might show, for example, that a complaint he prepared was dismissed
            for failure to satisfy some technical requirement which, because of deficiencies in the
10          prison's legal assistance facilities, he could not have known.  Or that he suffered
            arguably actionable harm that he wished to bring before the courts, but was so stymied
11          by inadequacies of the law library that he was unable even to file a complaint.

12  Lewis, 518 U.S. at 351.

13          In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of

14  access to the law library.  Thus, Plaintiff has failed to demonstrate that in the absence of preliminary

15  injunctive relief he is likely to suffer actual injury in prosecuting his case.  "Speculative injury does

16  not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean

17  Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v.

18  Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Plaintiff has provided no basis for this court to

19  interfere with the prison's administration of its law library, and his request for injunctive relief should

20  be denied.

21          **B.      Appointment of Counsel**

22          There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d

23  1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to

24  28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490

25  U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the

26  voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

27

28

1    Without a reasonable method of securing and compensating counsel, the court will seek

2  volunteer counsel only in the most serious and exceptional cases.  In determining whether

3  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the

4  merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the

5  legal issues involved."  Id.  (internal quotation marks and citations omitted).

6    In the present case, the Court does find that neither the interests of justice nor exceptional

7  circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th

8  Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on claims

9  of deliberate indifference, retaliation, and excessive force, and Defendants filed an answer to the

10  complaint on April 23, 2014.

11    While a pro se litigant may be better served with the assistance of counsel, so long as a pro se

12  litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative

13  complexity of the matter," the "exceptional circumstances" which might require the appointment of

14  counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28

15  U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner

16  "may well have fared better-particularly in the realm of discovery and the securing of expert

17  testimony.")  Thus, the Court finds that Plaintiff's conclusory claims relating to denial of access to law

18  library and copy services does not present exceptional circumstances warranting the appointment of

19  counsel at this time.  Accordingly, Plaintiff motion for appointment of counsel should be DENIED,

20  without prejudice.

21    **C.    Discovery Requests**

22    Plaintiff attached several discovery requests to his present motion, along with a proof of

23  service on Defendants.

24    As set forth in the Court's First Informational Order, discovery is self-executing until such

25  time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the

26  Federal Rules of Civil Procedure.  Interrogatories, requests for admissions, requests for production of

27  documents, and responses thereto shall not be filed with the court until there is a proceeding in which

28  the document or proof of service is at issue.  Such documents are to be served on the opposing party,

1    and not with the court. Local Rule 33-250, 36-250. Discovery requests improperly filed with the court

2    shall be stricken from the record. (ECF No. 3.) Accordingly, for the foregoing reasons, Plaintiff's

3    discovery requests attached to his present motion should be stricken from the record.

### III.

### RECOMMENDATIONS

6    Based on the foregoing,

7    IT IS HEREBY RECOMMENDED that:

8    1.    Plaintiff's request for a preliminary injunction be DENIED;

9    2.    Plaintiff's motion for appointment of counsel be DENIED; and

10   3.    Plaintiff's discovery requests be STRICKEN from the record.

11   These Findings and Recommendations will be submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days**

13   after being served with these Findings and Recommendations, the parties may file written objections

14   with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

15   Recommendations." The parties are advised that failure to file objections within the specified time

16   may result in the waiver of rights on appeal. Wilkerson v. Wheeler, __ F.3d __, __, No. 11-17911,

17   2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th

18   Cir. 1991)).

20   IT IS SO ORDERED.

21   Dated:    **December 1, 2014**

     UNITED STATES MAGISTRATE JUDGE