UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VILLESCAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.T. DOTSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-02068-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT ORDER AND APPOINTMENT OF COUNSEL AND STRIKING DISCOVERY REQUEST FROM THE RECORD<br><br>[ECF Nos. 27, 28] |

　　　　Plaintiff Alberto Villescas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to the parties voluntarily consent to United States magistrate judge jurisdiction, the action was re-assigned to the undersigned on January 5, 2015.  (ECF No. 34.)

**I.**

**INTRODUCTION**

　　　　Now pending before the Court is Plaintiff's motion for court order and appointment of counsel, filed November 24, 2014.  On December 2, 2014, the undersigned issued a Findings and Recommendation recommending denial of Plaintiff's request for a court order and appointment of counsel. (ECF No. 28.)  However, subsequent to the issuance of the Findings and Recommendations and prior to the adoption of such recommendation, the parties voluntarily consented to magistrate judge jurisdiction and the case was re-assigned to the undersigned on January 5, 2015.  Accordingly, pursuant to the 28 U.S.C. § 636(c)(1), the Court hereby issues a ruling on Plaintiff's pending request.

1

Plaintiff seeks a court order to allow him access to the law library for two to four hours per week. Plaintiff indicates that he has filed inmate grievances and request for modification or accommodation seeking access to the law library. However, Plaintiff has not had access to the law library or copy services for over six weeks. In the alternative, Plaintiff seeks the appointment of counsel to assist him in the continued litigation of this case. The Court construes Plaintiff's request as a motion for a preliminary injunction to grant him access to the law library and/or copy services.

## II.

## DISCUSSION

### A.   Access to the Law Library and/or Copy Services

As previously stated, Plaintiff moves for a court order requiring the California Department of Corrections and Rehabilitation (CDCR) to grant him access to the law library and/or copy services.

Plaintiff's motion includes allegation and a request for a court order against a party who is not named in this action. Although the CDCR is the employer of the defendants in this action, it is not a named party in this action. To the extent Plaintiff seeks injunctive relief against the CDCR, the Court is unable to issue an order against individuals who are not parties to an action pending before it. See Zenith Radio Corp., v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of right before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. V. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn,

extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded. Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration. Plaintiff must demonstrate "actual injury" from the denial and/or delay of access. The Supreme Court has described the "actual injury" requirement:

> [T]he inmate … must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to the law library. Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Plaintiff has provided no basis for this court to interfere with the prison's administration of its law library, and his request for injunctive relief should be denied.

///

**B.     Appointment of Counsel**

There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id.  (internal quotation marks and citations omitted).

In the present case, the Court does find that neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  Plaintiff is proceeding on claims of deliberate indifference, retaliation, and excessive force, and Defendants filed an answer to the complaint on April 23, 2014.

While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist.  Rand v. Rowland, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")  Thus, the Court finds that Plaintiff's conclusory claims relating to denial of access to law library and copy services does not present exceptional circumstances warranting the appointment of counsel at this time.  Accordingly, Plaintiff motion for appointment of counsel should be DENIED, without prejudice.

///

///

### C. Discovery Requests

Plaintiff attached several discovery requests to his present motion, along with a proof of service on Defendants.

As set forth in the Court's First Informational Order, discovery is self-executing until such time as a party becomes dissatisfied with a response and seeks relief from the court pursuant to the Federal Rules of Civil Procedure. Interrogatories, requests for admissions, requests for production of documents, and responses thereto shall not be filed with the court until there is a proceeding in which the document or proof of service is at issue. Such documents are to be served on the opposing party, and not with the court. Local Rule 33-250, 36-250. Discovery requests improperly filed with the court shall be stricken from the record. (ECF No. 3.) Accordingly, for the foregoing reasons, Plaintiff's discovery requests attached to his present motion should be stricken from the record.

### III.
### ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. Plaintiff's request for a preliminary injunction is DENIED;
2. Plaintiff's motion for appointment of counsel is DENIED; and
3. Plaintiff's discovery requests are STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **February 5, 2015**

UNITED STATES MAGISTRATE JUDGE