UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VILLESCAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.T. DOTSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-02068-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S THIRD MOTION TO EXTEND THE TIME FOR DISCOVERY AND FILING OF DISPOSITIVE MOTION DEADLINES<br><br>[ECF Nos. 39, 40, 41 ] |

Plaintiff Alberto Villescas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**PROCEDURAL BACKGROUND**

Now pending before the Court is Plaintiff's third motion to extend the time to conduct discovery and file a dispositive motion, filed April 21, 2015. (ECF No. 39.) On May 8, 2015, Defendants filed an opposition to Plaintiff's motion. (ECF No. 40.) Plaintiff filed a reply on May 22, 2015, titled a "motion for hearing of response to defense opposition to extension of time." (ECF No. 41.)

Pursuant to the Court's discovery and scheduling order issued April 25, 2014, the Court set a deadline for the completion of all discovery by December 25, 2014-eight months after issuance of the order. (ECF No. 22.)

1      On October 31, 2014, Plaintiff filed a motion to extend the discovery deadline.  Defendants did
2 not oppose the motion, and the motion was granted extending the deadline for discovery to March 5,
3 2015.  (ECF Nos. 26, 29.)

4      Plaintiff filed a second motion to extend the discovery deadline on January 29, 2015.
5 Defendants did not oppose the motion, and the motion was granted extending the discovery deadline
6 to May 5, 2015, and the dispositive motion deadline to July 5, 2015.  (ECF Nos. 35, 36, 37.)

7 **II.**
8 **DISCUSSION**

9      Modification of the pretrial scheduling order requires a showing of good cause.  Fed. R. Civ. P.
10 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the
11 party seeking the extension.'"  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th
12 Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)).  "If
13 the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify
14 should not be granted."  Id.

15      Defendants submit that during the first extension of the discovery deadline (to March 5, 2015),
16 defense counsel took Plaintiff's deposition by videoconference and propounded interrogatories and
17 production requests on Plaintiff, and on January 30, 2015, they served their responses to Plaintiff's
18 first set of discovery.  (Decl. of Delgado ¶¶ 5, 6.)  However, during this time period, Plaintiff did not
19 conduct any of his own additional discovery.  (Id. ¶ 9.)

20      During the second extension of the discovery deadline (to May 5, 2015), Plaintiff served his
21 responses to Defendants' interrogatories and production request, but again Plaintiff did not conduct
22 any of his own additional discovery during this second two-month extension.  (Decl. of Delgado ¶ 9.)

23      Plaintiff submits eight reasons to extend the discovery cut off by "at least 90 days to and
24 including the date of August 5, 2015 for discovery."  (ECF No. 39.)  The facts provided by Plaintiff in
25 his third motion do not constitute good cause.  Plaintiff's vague reference to carpal-tunnel syndrome
26 and pressure sores is insufficient to explain his delay and does not justify good cause for a further
27 extension.  Plaintiff fails to explain his lack of discovery activity during the first two extensions of
28 time.  To the contrary, Plaintiff attaches a letter dated April 1, 2015, in which Plaintiff complains

1  about discovery responses that were received on January 30, 2015.  (ECF No. 39; Decl. of Delgado ¶

2  6.)  Even assuming any of the responses were deficient, Plaintiff fails to explain why it has taken him

3  over three months to try to resolve the matter, or why he has been unable to propound his own

4  discovery during this period of time.

5        To the extent Plaintiff contends that a further extension is needed so that he can reply to

6  Defendants' discovery requests, this is not a basis for modifying the scheduling order.  Plaintiff has

7  already served his responses to Defendants' production requests (Id. ¶¶ 7, 8), and Defendants have not

8  moved to compel additional responses.  Plaintiff is under an ongoing duty to supplement his responses

9  if and when he receives any additional responsive documents, but an extension of time is not

10 warranted on this basis.[1]

11       Given that Plaintiff has now had over a year to conduct discovery, and the Court has

12 previously extended the discovery deadline twice, the Court finds that Plaintiff has had ample

13 opportunity to undertake discovery and he has not demonstrated good cause for a third extension.

14 Accordingly, Plaintiff's request is HEREBY DENIED.

15

16 IT IS SO ORDERED.

17 Dated:   **May 27, 2015**

18                            UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, the duty to supplement responses continues automatically beyond the discovery cutoff date.  Fed. R. Civ. P. 26(e); see also F.T.C. v. AMG Services, Inc., No. 2:12-cv-00536-GMN-VCF, 2014 WL 317781, at *6 (D. Nev. Jan. 28, 2014) ("The duty to supplement extends to … the period after the close of discovery.") (citing Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc., 272 F.R.D. 350, 358 (W.D.N.Y. 2011) ("[T]he duty to supplement continues even following the close of discovery."))).