1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **EASTERN DISTRICT OF CALIFORNIA**

10

11  ALBERTO VILLESCAS,                    )    Case No.: 1:12-cv-02068-SAB (PC)
                                          )
12              Plaintiff,                )
                                          )    **ORDER DENYING PLAINTIFF'S MOTION**
13       v.                               )    **TO COMPEL  AND DENYING PLAINTIFF'S**
                                          )    **MOTION FOR RECONSIDERATION OF DENIAL**
14  M.T. DOTSON, et al.,                  )    **OF THIRD REQUEST FOR EXTENSION OF THE**
                                          )    **DISCOVERY DEADLINE**
15              Defendants.               )
                                          )    [ECF Nos. 43, 47]
16  _____      )

17       Plaintiff Alberto Villescas is appearing pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.  Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of

19  the United States Magistrate Judge.  Local Rule 302.

20       This action is proceeding on Plaintiff's claim of deliberate indifference to a serious risk of

21  harm against Defendant D. Fisher, retaliation against Defendants C. Hernandez, M.T. Dotson, J.

22  Madrigal, and W. Tucker, and excessive force against Defendant W. Tucker.  (ECF No. 14.)

23       On June 4, 2015, Plaintiff filed a motion to compel discovery.  (ECF No. 43.)  Defendants filed

24  an opposition on June 22, 2015.  (ECF No. 44.)  Pursuant to Local Rule 230(*l*), the motion is deemed

25  submitted for review.

26       On July 16, 2015, Plaintiff filed a motion for reconsideration of the Court's denial of Plaintiff's

27  third request for an extension of the discovery deadline.  (ECF No. 47.)  Because the Court does not

28

                                          1

need a response to Plaintiff's motion for reconsideration, the Court elects to rule on the motion prior to expiration period to file a response pursuant to Local Rule 230(*l*).

**I.**

**DISCUSSION**

**A.    Legal Standard**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.   As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.   Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 22, Discovery and Scheduling Order, ¶4.   Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.   See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    Motion to Compel**

1.    Plaintiff's Motion is Untimely

On April 25, 2014, the Court issued the discovery and scheduling order, setting the deadline for completion of all discovery (including motions to compel) as December 25, 2014. (ECF No. 22.)

3

On October 31, 2014, Plaintiff moved to extend the discovery deadline. (ECF No. 26.) Defendants did not object to Plaintiff's request. The Court granted Plaintiff's request and the discovery deadline was extended to March 5, 2015. (ECF No. 29.)

On January 29, 2015, Plaintiff moved for a second extension of the discovery deadline. (ECF No. 35.) As with Plaintiff's prior request, Defendants did not oppose Plaintiff's second request. (ECF No. 36.) The Court granted Plaintiff's second request, and the discovery deadline was extended to May 5, 2015. (ECF No. 37.)

On April 21, 2015, Plaintiff moved for a third extension of the discovery deadline. (ECF No. 39.) Defendants opposed Plaintiff's request on May 8, 2015. (ECF No. 40.) The Court denied Plaintiff's third request on May 27, 2015, based on Plaintiff's failure to demonstrate good cause. (ECF No. 42.) Consequently, the May 5, 2015, discovery remained in full force and effect.

With applicable of the mailbox rule,[1] Plaintiff filed the instant motion to compel on May 28, 2015, and Plaintiff's motion is untimely.[2] (ECF No. 43.) Plaintiff does not explain the delay in bringing his motion, and Plaintiff has not filed or been granted an extension of the discovery deadline to file a motion to compel. Accordingly, Plaintiff's motion to compel is untimely and is subject to denial on that basis alone. In any event, notwithstanding the untimeliness of Plaintiff's motion, it must be denied on procedural grounds and for lack of merit.

2.   Procedural Defects of Motion to Compel as to Defendants' Interrogatory Responses

In his motion to compel, Plaintiff does not include a copy of Defendants' interrogatory responses, and Plaintiff's motion provides no indication of what, if any, objections by Defendants were unjustified. Thus, it is impossible to decipher exactly which discovery requests the court should compel Defendants to answer. Although Plaintiff is proceeding pro se, as the moving party he bears "the burden of informing the Court of which discovery requests are the subject of the motion to compel, which of the responses are disputed, why the responses are deficient, why the objections are not justified, and why the information sought is relevant to the prosecution of this case." Robinson v.

---

[1] See Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (citing Houston v. Lack, 487 U.S. 266, 270-271 (1988).

[2] The April 25, 2014, discovery and scheduling order specifically stated that the deadline for the completion of discovery included the filing of all motions to compel discovery. (ECF No. 22, Order ¶ 7.)

Adams, Civ. No. 08-1380, 2010 WL 1948252, at *2 (E.D. Cal. May 11, 2010) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (moving party bears the burden of showing that denial of discovery requests in actual and substantial prejudice)) (other citations omitted).  Because Plaintiff's motion to compel does not provide sufficient detail it must be denied.

       3.      Defendants' Responses to Requests for Production of Documents

       If a party, in response to a request for production under Rule 34, fails to produce or permit inspection, the discovery party may move for an order compelling production.  Fed. R. Civ. P. 37(a)(3).  As the moving party, Plaintiff bears the burden of informing the Court of (1) which discovery requests are the subject of his motion to compel, (2) which of Defendants' responses are disputed, (3) why he believes Defendants' responses are deficient, (4) why Defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action.  See, e.g., Brooks v. Alameida, No. CIV S-03-2343 JAM EFB P, 2009 WL 331358, *2 (E.D. Cal. Feb. 10, 2009 ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant Plaintiff's motion.")

       In his motion to compel, Plaintiff states he "seeks any and all grievances, complaints, or other documents received by the Defendants or their agents and any and all memoranda, investigative files or other documents created in response to such documents.  The Defendants state their objections generally and fail to provide at the very least an explanation and list of any documents or provide any information about the documents to be reviewed by a Judge.  Plaintiff seeks documents pertaining to complaints and allegations about Defendants, not about their medical data, or information about their records of tardiness, leaves, etc.  The information sought is highly relevant.  The documents are evidence that support the claims against Defendants."  (ECF No. 43, Mot. at 2:11-18.)

       Defendants submit that Plaintiff propounded fourteen requests for production of documents, and Defendants either provided responsive materials or verified that they were unable to locate such materials after a diligent search, with respect to ten of the requests.  Defendants address the four of Plaintiff's requests for production of documents, which presumably may be the subject of the instant motion to compel.  Based on Defendants' submission and analysis, the Court likewise will address

Plaintiff's request for production of documents, set one, numbers 1, 2, 3, and 11.  The ten other requests will be addressed separately below.

### a.     Request for Production 1, Set One

**Request for Production 1:**

"Any and all documents (electronic or otherwise) concerning Appeals, Complaints, Confrontations, Disciplinary Actions, Evaluations, Grievances, Internal Affairs Reports, Investigations, Peer Reviews, Personnel Files, Reprimands, Staff Misconduct, Suits, and Supervisor Reviews for each Defendant: D. Fischer, M.T. Dotson, W. Tucker, C. Hernandez, J. Madrigal."

**Response to Request for Production 1:**

Defendants object on the grounds that this request is overbroad and calls for vast amounts of information that is simply irrelevant to Plaintiff's claims against the five Defendants.  So too, the request is unduly burdensome because it would require Defendants or other officials to spend countless hours searching for items that may or may not exist, but are irrelevant to the claims in this case in either event.  Last, to the extent any responsive materials exist, Defendants object that the request calls for information that is protected from disclosure by the official-information privilege.

(ECF No. 43 at 30.)

**Ruling:**

Plaintiff's motion to compel a further request must be denied.  Plaintiff's request is overbroad as it is not limited in time or scope.  Defendants simply cannot respond to this request because the amount of materials is potentially limitless, and they cannot guess which documents Plaintiff may be seeking.  Accordingly, Plaintiff's motion to compel is DENIED.

### b.     Request for Production 2, Set One

**Request for Production 2:**

"Any and all responses to documents request in #1."

**Response to Request for Production 2:**

Defendants object on the grounds that this request is overbroad and calls for vast amounts of information that is simply irrelevant to Plaintiff's claims against the five Defendants.  So too, the request is unduly burdensome because it would require Defendants or other officials to spend countless hours searching for items that may or may not exist, but are irrelevant to the claims in this case in either event.  Last, to the extent any responsive materials exist,

6

Defendants object that the request calls for information that is protected from disclosure by the official-information privilege.

**Ruling:**

Plaintiff's motion to compel a further response to Request for Production No. 2 must be

DENIED for the same reasons discussed above as to Request for Production No. 1.

c.     **Request for Production 3, Set One**

**Request for Production 3:**

"Any and all witness statements that have been made against any Defendant in previous incidents, or in relation to documents requested in #1."

**Response to Request for Production 3:**

Defendants object on the grounds that this request is overbroad and calls for vast amounts of information that is simply irrelevant to Plaintiff's claims against the five Defendants.  So too, the request is unduly burdensome because it would require Defendants or other officials to spend countless hours searching for items that may or may not exist, but are irrelevant to the claims in this case in either event.  Last, to the extent any responsive materials exist, Defendant object that the request calls for information that is protected from disclosure by the official-information privilege.

(ECF No. 43, at 30-31.)

**Ruling:**

Plaintiff's motion to compel a further response to Request for Production No. 3 must be

DENIED for the same reasons discussed above as to Request for Production No. 1.

d.     **Request for Production 11, Set One**

Request for Production 11:

"Inmate/Parolee Appeal CDC 602 by inmate Pentecost, P72157, concerning 'converted cells' by any name and the response to that appeal."

**Response to Request for Production 11:**

Defendants object that this request lacks foundation because it assumes as true facts which have not been established; namely, that the inmate named here ever submitted an administrative appeal relating to "converted cells."  Even assuming such an appeal existed, Defendants object on the grounds that disclosure of such an appeal would violate third-party

privacy rights.  Last, Defendants object that this request calls for production of materials that are irrelevant to Plaintiff's claims against the five Defendants in this case.

(ECF No. 43 at 33.)

**Ruling:**

Plaintiff's motion to compel a further response must be DENIED.  Plaintiff fails to explain how this third-party appeal is relevant to the specific claims at issue in this case.  In a letter attached to Plaintiff's motion, Plaintiff asserts that "[t]he appeal is relevant to Plaintiff's claim against Defendant Fisher as evidence under Rule 404."  (ECF No. 43 at 39.)  The letter attached to Plaintiff's motion does not explain how the appeal (if it exists), is relevant to the claims against Fisher; rather, Plaintiff merely contends it is relevant evidence under Rule 404 of the Federal Rules of Evidence.  Plaintiff has failed to demonstrate how any appeal by inmate Fisher is relevant to claims at issue in this action, and Plaintiff has not demonstrated a proper purpose for the use of such third-party appeal as character evidence under Federal Rule of Evidence 404.  Accordingly, Plaintiff's motion to compel must be denied.

### e.        Requests for Production 4, 5, 6, 7, 8, 9, 10, 12, and 13

As previously stated, Plaintiff's first set of production requests included fourteen separate requests for documents.  (ECF No. 43 at 29-34.)  With the exception of the four responses discussed above, Defendants submit that they have already responded fully to each of Plaintiff's production requests.  (ECF No. 44, at 7-8.)

Defendants submit that with respect to Plaintiff's requests for production 4, 5, 6, 7, 8, 9, 10, 12, and 13, Defendants timely produced over 220 pages of materials as part of eight different attachments. (ECF No. 44-1, Delgado Decl. ¶ 7.)  Plaintiff does not mention the production of such documentation, and Defendants have attached the documents to their response.  (ECF No. 44, Ex. A.)  In addition, Defendants submit that all five Defendants produced copies of their post orders at Pleasant Valley State Prison as part of their responses to Plaintiff's interrogatories.  (Resp. to Req. for Produc. Nos 5-9, ECF No. 43 at 31-32.)

Plaintiff's motion does not indicate how Defendants' responses are incomplete or unjustified, and based on the representation by Defendants they have produced all responsive materials they were

able to locate, and no additional responsive documents to produce exist.  Plaintiff must accept

Defendants' response and any bare assertion by Plaintiff regarding incomplete compliance is

insufficient to support a motion to compel.

With regard specifically to Plaintiff request for production 13 (in which Plaintiff requested

"Inmate/Parolee Appeal CDC 602 by Villescas, P16275, after the disposition of RVR 115 by Tucker,

which staff also lost.") and 14 (in which Plaintiff requested "Any and all documentation concerning

approval to convert regular cells for use by DPW inmates or into ADA cells."), Defendants were

unable to locate any responsive documents after a diligent search, and such indication was verified in

their responses.  Absent evidence to the contrary-not present here, Plaintiff is required to accept

Defendants' responses that there is no responsive documents to produce.  Accordingly, Plaintiff's

motion to compel a further response must be denied.

### C.      Motion for Reconsideration

#### 1.      Procedural Background

Pursuant to the Court's discovery and scheduling order issued April 25, 2014, the Court set a

deadline for the completion of all discovery by December 25, 2014-eight months after issuance of the

order.  (ECF No. 22.)

On October 31, 2014, Plaintiff filed a motion to extend the discovery deadline.  Defendants did

not oppose the motion, and the motion was granted extending the deadline for discovery to March 5,

2015.  (ECF Nos. 26, 29.)

Plaintiff filed a second motion to extend the discovery deadline on January 29, 2015.

Defendants did not oppose the motion, and the motion was granted extending the discovery deadline

to May 5, 2015, and the dispositive motion deadline to July 5, 2015.  (ECF Nos. 35, 36, 37.)

On April 21, 2015, Plaintiff filed a third motion to extend the discovery and dispositive motion

deadline.  (ECF No. 39.)  On May 8, 2015, Defendants filed an opposition to Plaintiff's motion.  (ECF

No. 40.)  Plaintiff filed a reply on May 22, 2015, titled a "motion for hearing of response to defense

opposition to extension of time."  (ECF No. 41.)

On May 27, 2015, the Court denied Plaintiff's third request to extend the discovery deadline

finding that Plaintiff failed to demonstrate good cause for a further extension of the discovery deadline

1  given that Plaintiff had over a year to conduct discovery, as the deadline had previously been extended

2  twice.  (ECF No. 42, at 3.)

3        2.    <u>Legal Standard for Reconsideration</u>

4        "A motion for reconsideration should not be granted, absent highly unusual circumstances,

5  unless the district court is presented with newly discovered evidence, committed clear error, or if there

6  is an intervening change in the controlling law." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH</u>

7  <u>& Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted).  "A party

8  seeking reconsideration must show more than a disagreement with the Court's decision, and

9  recapitulation …" of that which was already considered by the Court in rendering its decision.  <u>United</u>

10  <u>States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2011).  To succeed, a party

11  must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

12  decision.  <u>See</u> <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986),

13  aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  Additionally, pursuant

14  to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or

15  different facts or circumstances claimed to exist which did not exist or were not shown upon such

16  prior motion, or what other grounds exist for the motion."  Local Rule 230(j).

17        Once a scheduling order has been filed pursuant to Rule 16, the "schedule may be modified

18  only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good

19  cause' standard primarily considers the diligence of the party seeking the amendment.  The Court may

20  modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking

21  the extension.'"  <u>Johnson v. Mammoth Recreation, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed.

22  R. Civ. P. 16 advisory committee's notes).

23        3.    <u>Ruling on Motion for Reconsideration</u>

24        In his motion for reconsideration, Plaintiff contends that he has been unable to comply with the

25  discovery deadlines due to his medical issues.  Plaintiff also contends that he could not conduct

26  additional discovery because defense counsel failed to comply with his first set of discovery requests.

27

28

Plaintiff presents his motion for reconsideration to merely repeat facts that were presented in his motion for extension of the discovery deadline and/or present facts that should have been presented in his motion for extension of the discovery deadline.

Even assuming the truth of Plaintiff's allegations regarding his medical issues, Plaintiff has had over a year (April 25, 2014 to May 5, 2015)  to conduct discovery (unopposed by Defendants), and Plaintiff failed to avail himself of such extensive time period.  There is nothing before the Court to reveal that Plaintiff's health prevented him from conducting discovery during the discovery time frame.[3]   In addition, Plaintiff has failed to demonstrate due diligence on his part in attempting to conduct discovery during the discovery period.  Furthermore, as explained above Plaintiff was served with Defendants responses to his first set of discovery requests on January 8, 2015, and the fact that Plaintiff believed such responses were inadequate (which as explained above is not correct) does not provide a basis to extend the discovery deadline.  More importantly, Plaintiff's third motion for an extension of time, instant motion for reconsideration, and motion to compel, does not identify or even suggest the nature of any further discovery he may need with regarding the claims at issue in this action.  Plaintiff has failed to demonstrate that reconsideration of the Court's decision is warranted, and his motion for reconsideration of the Court's May 27, 2015, order is DENIED.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to compel is DENIED; and

2.    Plaintiff's motion for reconsideration of the Court's May 27, 2015, order is DENIED.

IT IS SO ORDERED.

Dated:   **July 22, 2015**

UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff did not submit any medical evidence in connection with the instant motion to substantiate his claim regarding the extent of his medical issues.