UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO VILLESCAS,<br><br>    Plaintiff,<br><br>    v.<br><br>M.T. DOTSON, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-02068-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE JURISDICTION AND MOTION FOR RECONSIDERATION<br><br>[ECF Nos. 69, 70] |

    Plaintiff Alberto Villescas is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge. ECF No. 34; Local Rule 302.

    Now pending before the Court is Plaintiff's motion to withdraw his consent to magistrate judge jurisdiction and Plaintiff's motion for reconsideration, filed on November 23, 2015, respectively. (ECF Nos. 69, 70.)

    **A.    Motion To Withdraw Consent**

    Once a civil case is referred to a magistrate judge under 28 U.S.C. § 636(c), the reference can be withdrawn only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (stating that "[t]here is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge."). A referral to a magistrate judge will not be vacated where a party has

1

1  consented in a signed writing to magistrate judge jurisdiction, the party fails to make a motion to
2  vacate the reference that is supported by a showing of extraordinary circumstances, and the Court does
3  not sua sponte find good cause for withdrawal of consent.  Id.
4  　　　　Here, the Court finds that Plaintiff's consent to the jurisdiction of a United States magistrate
5  judge to conduct all further proceedings in the case supported by Plaintiff's express consent is binding
6  because there is a lack of good cause for withdrawal of consent.
7  　　　　In his motion to vacate the referral to the undersigned, Plaintiff submits that on October 28,
8  2014, Plaintiff filed a motion for extension of time and did not get a response from the Court for
9  several weeks.  On November 22, 2014, Plaintiff sent a letter to the Clerk to inquire if it was filed,
10 granted or denied, fearing if it was not granted he would miss the deadline.  (ECF NO. 69, Motion at
11 1.)  On December 2, 2014, the Court granted Plaintiff's motion for an extension of time.  Plaintiff
12 contends that he felt his "non-consent caused or made Plaintiff believe that his non-consent caused the
13 delay of over a month to decide the October 28, 2014 motion, Plaintiff felt he had to consent in order
14 to avoid missing a deadline if his motions are not decided before or in time."  (ECF No. 69, Motion at
15 2.)
16 　　　　This case has proceeded expeditiously and the Court has not prejudiced Plaintiff by the timing
17 of ruling on any pending motions.  A party's disagreement with a reasonable court ruling constitutes
18 neither good cause nor extraordinary circumstance for withdrawing consent to the jurisdiction of the
19 magistrate judge.  See Liteky v. United States, 510 U.S. 540, 555-556 (1994).  Plaintiff has not
20 presented evidence of "extraordinary circumstances," and the Court does not find good cause to vacate
21 the reference to a magistrate judge.  To the extent Plaintiff contends that this Court has delayed in
22 ruling on pending motions, Plaintiff is advised that pursuant to Local Rule 230(l), once a motion has
23 been filed, the opposing party has twenty-one days to file an opposition and the moving party has
24 seven days thereafter to file a reply.  Local Rule 230(l).  In certain circumstances, as was done in this
25 case, the Court may elect to rule on a motion if an opposition is unnecessary, such as where good
26 cause is indisputably presented to extend a pending deadline.  Based on the record in this action,
27 Plaintiff's case has proceeded in an efficient manner.  Furthermore, reassignment to a district judge
28

does not remove the role of the magistrate judge in ruling on non-dispositive matters. Accordingly, Plaintiff's motion to vacate the referral to the magistrate judge is DENIED.

### B.     Motion For Reconsideration

In addition to seeking to withdraw his consent, Plaintiff requests reconsideration by a district judge of all prior rulings issued by the undersigned. Plaintiff seeks reconsideration of the prior ruling based on his argument that the undersigned is biased in the rulings.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Although it is not clear what section under which Plaintiff is seeking reconsideration, to the extent he attempts to conjure Rule 60(b)(2), (3), (4), or (6), his motions are without merit. Plaintiff's November 23, 2015 motion for reconsideration is based on his disagreement with the Court's

decisions and timing of rulings on non-dispositive matters.  Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration.  <u>Marlyn Nutraceuticals, Inc.</u>, 571 F.3d 873, 880 (9th Cir. 2009).  Plaintiff's disagreement is not sufficient grounds for relief from the order.  <u>United States v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

      The crux of Plaintiff's arguments are centered on his disagreement with the undersigned's rulings which cannot form the basis for bias or reconsideration of prior orders.  Accordingly, Plaintiff has not shown a basis for relief under Rule 60(b), and Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **December 1, 2015**

UNITED STATES MAGISTRATE JUDGE